## Commonwealth v. McClimans

*John Q. Stranahan*, District Attorney, for Commonwealth.

*Michael Halliday*, for defendant.

McKay, J., October 1, 1957.—Defendant in this case has moved to quash two informations charging him with violations of The Vehicle Code of May 1, 1929, P. L. 905, as amended, on July 4, 1957. The first alleged violation is failing to have in his possession the registration card for his vehicle, and the second is passing another vehicle at a railway grade crossing.

Both informations show on their face that Mary Courtney, the justice of the peace before whom they were made, is a resident of the Borough of Jamestown whereas the information alleges that the violation occurred in Green Township. There is no averment in the information which would show why the justice of the

peace had jurisdiction of the case other than the words after her name and residence, "being the nearest available Magistrate to the place of the violation". The Vehicle Code of May 1, 1929, P. L. 905, as amended, sec. 1201, 75 PS §731(a) reads:

"Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred; . . . if there is no person holding the office of magistrate in such . . . township, then such information shall be brought before such nearest available magistrate in any adjoining . . . borough . . . in the county".

Construing this section in a case essentially identical with that at bar, the court, in Commonwealth v. Williams, 62 Montg. 123 (1946), held that when an information is brought before a justice of a different borough or township than that in which the offenses are alleged to have occurred, the information should set forth the jurisdictional fact that no person held the office of justice of the peace in the borough or township in which the offenses are alleged to have occurred.

In our opinion this decision is sound and applicable to the present case, for in the absence of the jurisdictional fact that no person holds the office of justice of the peace in Green Township, a justice of the peace in the Borough of Jamestown would have no jurisdiction over the offense committed in this case. Since the information fails to contain this necessary jurisdictional averment, it must be quashed.

### Order

Now, October 1, 1957, the motion to quash the informations in the above entitled case is allowed and defendant is discharged: the costs to be paid by the County of Mercer.